IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **KAREN MANSON,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § |
| | §   CIVIL ACTION NO. _____ |
| **CAREINGTON INTERNATIONAL CORPORATION,** | § |
| | § |
| **Defendant.** | § |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Karen Manson ("Plaintiff") files her Original Complaint against Careington International Corporation ("Defendant") and, in support thereof, respectfully states:

I.   PARTIES

1. Plaintiff is a resident of Texas.

2. Defendant is a Texas corporation with its principal place of business in Frisco, Texas.

II.   JURISDICTION AND VENUE

3. This action arises under United States Code, Title 42, §12101 *et seq*.

4. Venue properly lies in this Court because all acts and omissions giving rise to this claim (specifically the employment decisions addressed herein) took place in Collin County, Texas, which is in the District and Division in which suit has been filed.

III.     FACTS SUPPORTING PLAINTIFF'S CLAIMS

5. Plaintiff suffers from a mental disability. Specifically, Plaintiff has been diagnosed with a love/sex addiction. Plaintiff's disability requires that she attend therapy and limit her private interactions with members of the opposite sex.

6. Plaintiff worked for Defendant in its Frisco, Texas office, most recently as a Director of IT Operations. During Plaintiff's more than five years of employment with Defendant, Plaintiff's supervisors never had any reason to discipline her and, in fact, Plaintiff's supervisor informed Plaintiff in January 2019 that she was on track for a promotion. Plaintiff also received a $20,000 raise in salary.

7. In December 2019, Plaintiff informed her immediate supervisor, Rashmi Jain, that Plaintiff suspected she suffered from a love/sex addiction and was in the process of identifying an appropriate therapist from whom to seek treatment. Ms. Jain initially expressed concern and support for Plaintiff.

8. On January 19, 2020, the website of a customer for whom Plaintiff's department was responsible suffered a widespread and lengthy outage, which was corrected the next day. On January 21 and 22, Plaintiff worked in the office as usual. On January 23, 2020, Plaintiff took a personal day in order to attend an emergency counseling session relating to her condition. At this time, she was officially diagnosed with a love/sex addiction. Upon Plaintiff's return to the office on January 24, 2020, Ms. Manson disclosed her diagnosis to Ms. Jain. Within hours, Defendant terminated Ms. Manson's employment, allegedly related to the customer outage.

9. Five employees shared responsibility for the customer who suffered the outage: Plaintiff, Ms. Jain, Reggie Jackson, Patrick Emerick and James Lonteen. Of these, only Plaintiff discovered the source of the outage and led the team to resolve the matter. Oddly, Plaintiff was

the only employee to receive any discipline at all relating to the outage, and she was terminated on the very day she disclosed her diagnosis to her supervisor and despite her previous stellar record with Defendant.

## IV.    STATEMENT OF CLAIMS

***COUNT ONE: FAILURE TO ACCOMMODATE AS REQUIRED BY 42 USC § 12112(b)(5)***

10.    Plaintiff reasserts and by this reference incorporates the allegations contained in paragraphs 1 through 9, above, as if fully set forth herein.

11.    Plaintiff is an individual with a disability who is qualified for a Director of IT Operations position with Defendant.

12.    Plaintiff informed Defendant of her disabilities and the consequences thereof at the time of her diagnosis.

14.    Rather than accommodate Plaintiff's disability, Defendant terminated Plaintiff's employment.

15.    As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages for which she hereby sues.

16.    Plaintiff further seeks to recover attorneys' fees.

***COUNT TWO:   DISABILITY DISCRIMINATION UNDER 12 USC § 12112***

17.    Plaintiff reasserts and by this reference incorporates the allegations contained in paragraphs 1 through 16, above, as if fully set forth herein.

18.    Plaintiff has a disability.

19.    This disability substantially limits one or more of Plaintiff's major life activities, including working and interacting with others.

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                              3

20. Plaintiff is qualified for her position as Director of IT Operations and able to perform the essential functions of her position with reasonable accommodations.

21. Defendant discriminated against Plaintiff in violation of 12 U.S.C.A. §12112 on the basis of her disabilities or perceived disabilities when, in response to the customer outage, it terminated her employment but did not discipline the other employees involved in the outage.

22. As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

23. Plaintiff further requests her attorneys' fees.

## V.     REMEDIES

WHEREFORE Plaintiff Karen Manson requests that this Court grant her the following relief:

a. Back pay and front pay in a precise amount to be determined by the jury;

b. Compensatory damages against Defendant as a consequence of Defendant's unlawful actions, in a precise amount to be determined by the jury;

c. Punitive and exemplary damages, in a precise amount to be determined by the jury;

d. Liquidated damages;

e. Pre-judgment and post-judgment interest;

f. Reasonable attorneys' fees, expenses and costs, as specifically authorized by statute, to be calculated by the Court pursuant to established procedures and precedents; and

g. Such other or further relief to which Plaintiff may be legally or equitably entitled.

## VI.     JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully submitted,

Michael E. Coles, Lead Attorney
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM, PC**
4925 Greenville Avenue
Suite 200
Dallas, Texas 75202
(214) 443-7860 (Telephone)
(972) 692-7145 (Facsimile)

*Of Counsel:*

**THE LAMBERSON LAW FIRM PC**
6333 East Mockingbird Lane
Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By: _____
Elizabeth Aten Lamberson
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFF KAREN MANSON**